Chen v. Barr

BIA
Leeds, IJ
A200 181 195

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand nineteen.

PRESENT:
>        PIERRE N. LEVAL,
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

———————————————————————————

XIAOFENG CHEN,
>        *Petitioner*,

>        v.                                    17-2680
>                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

**FOR RESPONDENT:**      Chad A. Readler, Acting Assistant
                         Attorney General, Civil Division,
                         United States Department of
                         Justice, Washington, DC; Linda S.
                         Wernery, Assistant Director,
                         William C. Minick, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiaofeng Chen, a native and citizen of the People's Republic of China, seeks review of an August 3, 2017 decision of the BIA affirming a February 13, 2017 decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaofeng Chen,* No. A 200 181 195 (B.I.A. Aug. 3, 2017), *aff'g* No. A 200 181 195 (Immig. Ct. N.Y. City Feb. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, Chen has waived any challenge to the IJ's findings that (1) his testimony and medical records were inconsistent, and (2) his uncle's letter undermined his credibility because its condition cast doubt on its legitimacy. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Even if not waived,

3

however, these findings provide substantial support for the adverse credibility determination. Chen's testimony and the hospital record were inconsistent regarding the number of medications he was prescribed. And the agency reasonably determined that a corroborating letter, purportedly mailed by Chen's uncle in China to Chen's attorney in the United States in an attached envelope, undermined his credibility because the original document had no creases or fold marks and therefore could not have been sent in the attached envelope. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Siewe v. Gonzales*, 480 F.3d 160, 169-70 (2d Cir. 2007) (upholding IJ's rejection of document as inauthentic when petitioner claimed that he did not present original because it was creased but photocopy did not show crease marks.

Second, the IJ's demeanor finding bolsters the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing IJ to consider "demeanor, candor, or responsiveness of the applicant"). We generally "give particular deference" to adverse credibility determinations "that are based on the adjudicator's observation of the applicant's demeanor." *Li Hua Lin v.*

*U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Moreover, the record reflects that Chen gave non-responsive answers to questions regarding his practice of Falun Gong in the United States and had to be asked multiple times whether he practiced Falun Gong alone or in a group. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006) ("Evasiveness is . . . one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility.").

Third, the IJ also reasonably concluded that Chen failed to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As previously discussed, Chen's medical records were inconsistent with his testimony and the letter from his uncle was not reliable evidence. Furthermore, the IJ reasonably faulted Chen for providing limited evidence that he continues to practice Falun Gong in

the United States, particularly as Chen gave non-responsive and conflicting answers when asked why he did not provide updated photographs or offer a witness.

Finally, although the IJ misstated Chen's testimony in concluding that he was inconsistent regarding his travel to the United States—the transcript reflects that Chen said he spent a few days, not two days, in both Mexico and Guatemala remand would be futile because we are confident that the agency would reach the same result absent the error. *See Lianping Li v. Lynch*, 839 F.3d 144, 149-50 (2d Cir. 2016). Given the demeanor and corroboration findings, the discrepancies between Chen's testimony and medical records, and the unreliable letter from his uncle, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Chen's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions are DENIED and stays are VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court